**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PATRICK E. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>ARIES CHARTER TRANSPORTATION, INC., an Illinois Corporation, and ERICKA J. FULTON,<br><br>Defendants. | ) | Case No. _______________ |

## COMPLAINT AT LAW AND JURY TRIAL DEMAND

Comes now Plaintiff, PATRICK E. WILLIAMS, by his attorney, Ralph D. Davis, of RALPH DAVIS LAW, and for causes of action against Defendants ARIES CHARTER TRANSPORTATION, INC., an Illinois Corporation, and ERICKA J. FULTON, an individual, and states and alleges as follows:

## I. THE PARTIES

1. Plaintiff PATRICK E. WILLIAMS is a United States citizen, a citizen of the state of Pennsylvania, residing at 239 Rhapsody Run, East Stroudsburg, Pennsylvania 18301.

2. Defendant ARIES CHARTER TRANSPORTATION, INC. is an Illinois Corporation whose principal place of business is located at 931 W. 75th St, Suite 137-258, Naperville, Illinois 60565.

3. Defendant ERICKA J. FULTON, is a United states citizen, a citizen of the state of Virginia, residing at 1147 Georgetown Road, Apartment 103, Norfolk, Virginia. At the time of the occurrence that is the subject of this lawsuit Ms. Fulton was a citizen of the

state of Illinois, residing at 143 N. Waller Ave, Chicago, Illinois 60644.

## II. JURISDICTION/VENUE

4. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and diversity exists pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 in that the events and/or omissions giving rise to this claim all occurred in the Northern District of Illinois.

6. Defendant ARIES CHARTER TRANSPORTATION, INC., operates a limousine/bus company at 931 W. 75th St., Naperville, Illinois where through its agent/employee driver breached the highest level of care of a common carrier by parking on the wrong side of the street on Greenwood Avenue near 47th Street in Chicago, Illinois, thereby causing Plaintiff to be severely injured, incurring more than one million dollars of medical bills to treat said injuries.

7. Defendant ERICKA J. FULTON, was the owner of the vehicle that struck Plaintiff who negligently entrusted use of her vehicle to a person unknown to Plaintiff who could not be expected to operate said vehicle legally and to perform legal responsibilities associated with operation of a vehicle.

## III. FACTUAL BACKGROUND

8. The incident herein complained of occurred on Greenwood Avenue near 47th Street in Chicago, Illinois on October 6, 2012 at approximately 10:30 p.m..

9. At the aforesaid time and place, the family of the sister of Plaintiff Patrick Williams was attending said sister's wedding reception at the Little Black Pearl reception hall located on the western side of Greenwood Avenue and on the northern side of 47th Street.

10. At the aforesaid time and place, the driver/agent of Defendant Aries Charter Transportation, Inc. had parked Defendant's limousine bus (also known as a "party bus") that had an estimated capacity of 10 to 20 passengers on the eastern side of Greenwood Avenue facing north.

11. The aforesaid limousine bus was intended for the transportation of the wedding party and family.

12. At the aforesaid time and place, passengers of Defendant Aries Charter Transportation's limousine bus would have had to cross two lanes of traffic (one southerly, one northerly) to enter or exit said bus.

13. The agent driver of Defendant's limousine bus knew that his passengers were attending a wedding reception because of the way that they were dressed and because said driver had delivered the wedding party to the aforesaid reception hall earlier in the evening and at that time parked on the proper side of the street, namely the eastern side facing south.

14. At the aforesaid time and place, Plaintiff Patrick Williams had boarded Defendant's limousine bus after having crossed two lanes of traffic, but was informed that his brother-in-law had fallen.

15. Plaintiff then exited Defendant's limousine bus to assist his brother-in-law and commenced to cross the two lanes of traffic on Greenwood Avenue.

16. At the aforesaid time and place, the vehicle owned by Defendant Ericka Fulton and driven by the person unknown to Plaintiff entrusted with the vehicle was on 47th Street.

17. At the aforesaid time and place, the aforesaid person unknown to Plaintiff in paragraph 16 turned the aforesaid vehicle onto Greenwood Avenue heading north at an unsafe speed,

there to strike Plaintiff with the vehicle.

18. The aforesaid person unknown to Plaintiff in paragraph 16 then fled the scene in Defendant Fulton's vehicle.

19. Plaintiff Patrick Williams was there and then severely injured.

## IV. **CLAIMS**

## COUNT ONE

## WILLIAMS VS. ARIES CHARTER TRANSPORTATION, INC.

## NEGLIGENCE

Plaintiff Patrick E. Williams, complaining of Defendant Aries Charter Transportation, Inc., states as follows:

20. Plaintiff restates and re-alleges paragraphs one through nineteen (1-19) of this complaint as paragraph 20 of Count One.

21. At all times relevant to this lawsuit, Defendant Aries Charter Transportation, Inc., served as a common carrier who owed a duty of the highest level of care to its passengers, including Plaintiff.

24. Defendant Aries Charter Transportation, Inc., breached the aforesaid duty by its driver/agent parking its limousine bus on the wrong side of the street, thereby exposing its passengers to greater risk of injury by requiring said passengers to cross two lanes of traffic on Greenwood Avenue in order to board its bus.

25. As a result of the aforesaid breach of duty, Plaintiff was there and then seriously injured in various parts of his body, was hospitalized, incurred large medical bills, lost earnings from his work, and was permanently injured.

WHEREFORE, Plaintiff prays judgment against Defendant Aries Charter Transportation, Inc., in an amount in excess of the jurisdictional requirements of this court.

**COUNT TWO**

**WILLIAMS VS. FULTON**

**NEGLIGENT ENTRUSTMENT**

Plaintiff Patrick E. Williams, complaining of Defendant Ericka J. Fulton, states as follows:

26. Plaintiff restates and re-alleges paragraphs one through nineteen (1-19) of this complaint as paragraph 26 of Count Two.

27. Defendant Ericka J. Fulton was the owner of the vehicle driven by the person unknown to Plaintiff in paragraph 16.

28. Defendant Ericka J. Fulton consented to the person unknown to Plaintiff in paragraph 16 to drive the vehicle at the time of the occurence.

29. Defendant Ericka J. Fulton knew or should have known that the person unknown to Plaintiff in paragraph 16 would not obey traffic laws and would not behave in a legally responsible manner with her vehicle.

30. Defendant Ericka J. Fulton had a duty to avoid giving express or implied permission for the use of her vehicle to any person who could not be expected to obey traffic laws and to behave in a legally responsible manner.

31. At the aforesaid time and place, Defendant Ericka J. Fulton was guilty of negligent entrustment in that she gave express or implied permission to the person unknown to Plaintiff in paragraph 16.

32. Defendant Ericka Fulton ratified the entrustment of her vehicle by eluding authorities who sought to apprehend the person unknown to Plaintiff in paragraph 16 for leaving the scene of an accident.

33. The person unknown to Plaintiff in paragraph 16 was never apprehended.

34. As a result of the aforesaid negligent entrustment, Plaintiff was there and then seriously injured in various parts of his body, was hospitalized, incurred large medical bills, lost earnings from his work, and was permanently injured.

WHEREFORE, Plaintiff prays judgment against Defendant Ericka J. Fulton in an amount in excess of the jurisdictional requirements of this court.

**COUNT THREE**

**WILLIAMS V. FULTON**

**NEGLIGENCE OF AGENT**

35. Plaintiff restates and realleges paragraphs one through nineteen and paragraph 27 (1-19, 27) of this complaint as paragraph 35 of Count Three.

36. The person unknown to Plaintiff in paragraph 16 was acting as agent of Defendant Ericka Fulton at the time of the aforesaid occurrence in that the person was acting in furtherance of Defendant Fulton's purposes.

37. At all times relevant to this lawsuit, Defendant Erica Fulton through the agent identified in paragraph 36 owed Plaintiff the common law duty to act reasonably at all times.

38. At the aforesaid time and place, there was in full force and effect the following Illinois Compiled Statute, 2012 (West):

625 ILCS 5/11-601(a):

> No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

39. At the aforesaid time and place, the agent of Defendant Ericka Fulton was guilty of one or more of the following negligent acts, omissions, and/or violations of Statute in that the agent:

a. Failed to keep a proper lookout ahead;

b. Failed to maintain control of the vehicle driven;

c. Violated 625 ILCS 5/11-601 (a) in that the agent:

1. Drove Defendant Fulton's vehicle at a speed which was greater than was reasonable and proper with regard to the traffic conditions created by persons from the wedding party crossing the street;

2. Failed to decrease the speed of Defendant Fulton's vehicle when a special hazard existed by virtue of the persons from the wedding party crossing the street; and

3. Failed to decrease the speed of Defendant's vehicle to avoid colliding with the body of the Plaintiff.

40. Defendant Ericka Fulton ratified the acts of the aforesaid agent when she eluded authorities who sought to apprehend the driver of her vehicle and who otherwise hid the

identity of her agent.

41. As a result of the aforesaid negligent acts, omissions, and/or violations of statute, Plaintiff was there and then injured in various parts of his body, was hospitalized, incurred large medical bills, lost earnings from his work, and was permanently injured.

WHEREFORE, Plaintiff prays judgment against Defendant Ericka J. Fulton in an amount in excess of the jurisdictional requirements of this court.

**Plaintiff Demands a Trial by Jury.**

PATRICK E. WILLIAMS, Plaintiff,

By: S/ Ralph D. Davis
Ralph D. Davis
Illinois Atty. #6196388
(Lead Counsel Designate)
RALPH DAVIS LAW
416 Main St.
Suite 529
Peoria, IL 61602
309-676-7707 (phone)
309-676-7706 (fax)
ralph.d.davis@gmail.com
ralphddavis@sbcglobal.net

John M. Beal
Illinois Atty # 0143111
(Local Counsel Designate)
53 W Jackson Blvd, #1615
Chicago, IL 60604
312-408-2766 (phone)
312-697-0812 (fax)
johnmbeal@att.net