# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK E. WILLIAMS ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-7601 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| ARIES CHARTER TRANSPORTATION, ) | |
| INC., an Illinois Corporation, and ERICKA J. ) | |
| FULTON, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Patrick E. Williams, brought this action alleging negligence against Aries Charter Transportation Inc. ("Aries") and negligent entrustment and negligence of agent against Ericka J. Fulton. Aries now moves for summary judgment on the plaintiff's negligence claim. For the reasons set forth below, that motion [34] is granted.

**Background**

The following facts are undisputed. Williams' sister, Pamela Wallace, was getting married. (Dkt. 45 ¶ 2). As a wedding present, Wallace's employer, Aries, agreed to provide a "party bus" for her family members on the night of the wedding. (*Id.* ¶ 7). The bus was driven by John Young, an Aries employee. (*Id.*). Young transported the bridal party and family members from the church where the wedding ceremony took place to the wedding reception, which was located at the Little Black Pearl. (*Id.* ¶¶ 2, 8). The entrance to the Little Black Pearl is on the west side of Greenwood Avenue north of 47th street. (*Id.* ¶ 2). When Young dropped off the wedding party, he was able to park on the west side of Greenwood Avenue, where he remained for several hours. (*Id.* ¶ 8). At some point in the evening, however, Young had to drive several wedding guests back to the church to retrieve their cars. (*Id.* ¶ 9). When Young returned to the Little Black Pearl, he parked on the

1

East side of Greenwood Avenue, across from the entrance to the Little Black Pearl. (*Id.* ¶ 10). As the evening began to close, plaintiff and several others began moving leftover refreshments and other items from the Little Black Pearl to the bus. (*Id.* ¶ 13). In doing so, the plaintiff and others crossed the street mid-block rather than walking down the street and using the crosswalk. (Dkt. 47 ¶ 7). At that time, the bus was running and its headlights and hazard lights were on. (*Id.* ¶ 9). As Williams was crossing the street mid-block, a vehicle traveling down 47th Street ran the stop sign at the intersection of Greenwood Avenue and 47th street and made a left hand turn onto Greenwood Avenue, striking Williams. (Dkt. 45 ¶¶ 19–22). The vehicle stopped briefly before speeding away. (*Id.* ¶ 24). The vehicle in question was allegedly owned by Ericka J. Fulton, but was driven by an unknown male driver.

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

In order to prove a claim of negligence under Illinois law, a plaintiff must establish that the defendant owed him a duty, that the defendant breached this duty, and that he suffered an injury

2

that was proximately caused by the defendant's breach. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). Proximate cause encompasses both cause in fact and legal cause. *Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012) (citing *Lee v. Chi. Transit Auth.*, 605 N.E.2d 493, 502, 152 Ill.2d 432 (1992)). To establish cause in fact, the plaintiff must show that the defendant's conduct was a material element and a substantial factor in bringing about the injury. *Id.* Legal cause, on the other hand, turns on "whether the injury is of a type that a reasonable person would see as a *likely result* of his or her conduct." *Id.* (quoting *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1073, 188 Ill.2d 252 (1999)). A defendant's negligence thus does not constitute the proximate cause of a plaintiff's injuries if an intervening act supersedes the defendant's negligence, unless the defendant could have reasonably foreseen that intervening act. *Bentley v. Saunemin Tp.*, 413 N.E.2d 1242, 1245, 83 Ill.2d 10 (Ill. 1980). Proximate cause is a question for the trier of fact, but can be found as a matter of law when the undisputed facts are such that there can be no reasonable disagreement over the inferences to be drawn from them. *Blood*, 668 F.3d at 546 (quoting *Merlo v. Pub. Serv. Co. of N. Ill.*, 45 N.E.2d 665, 675, 381 Ill. 300 (1942)).

It is the general rule in Illinois that a person has no duty to anticipate the criminal acts of third parties. *Jackson v. Shell Oil Co.*, 650 N.E.2d 652, 655, 272 Ill.App.3d 542 (1995). An exception to this rule exists if the criminal act might reasonably have been foreseen at the time of the negligence. *Id.*; *see also Ney v. Yellow Cab Co.*, 117 N.E.2d 74, 78, 2 Ill.2d 74 (1954) (recognizing that the theft of a vehicle was a foreseeable result of leaving the keys in the ignition).

Here, the undisputed facts clearly establish that proximate cause did not exist. Although Williams' crossed the street outside the crosswalk as a result of Young's parking on the wrong side of the street, the facts clearly establish that the location of the bus did not proximately cause the injury. *See Thompson v. County of Cook*, 609 N.E.2d 290, 294 154 Ill.2d 374 (1993) (quoting *Briske v. Village of Burnham*, 39 N.E.2d 976, 979, 379 Ill. 193 (1942)) (internal quotation marks omitted)

3

("[T]he cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for causal agencies to act. If a defendant's negligence does nothing more than furnish the condition by which the injury is made possible, that negligence is not the proximate cause of the injury."). Williams, moreover, has failed to identify any evidence establishing that Young had specific reason to foresee the criminal conduct of the driver. Although Williams' asserts that speeding and failing to obey a stop sign are "ordinary incidents of human life" which should be anticipated, he has offered, and this Court is aware of, no authority so holding. Accordingly, the undisputed facts do not establish the existence of proximate cause.

This Court is not persuaded otherwise by Williams' arguments premised on Aries' liability as a common carrier. Although Williams asserts that Aries is a common carrier in his statement of facts, the sole evidence offered to support this conclusion is a conclusory, unsupported statement in a witness declaration. Such a statement is insufficient to establish a dispute of material fact as to whether Aries is a common carrier. *Edward E. Gillen Co., v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993); *cf. Long v. Illinois Power Co.*, 543 N.E.2d 525, 535, 187 Ill.App.3d 614 (1989) (recognizing that the determination of whether an entity is acting as a common carrier must take into account the nature of the service being performed in the particular instance in question).

Even if Aries is assumed to be a common carrier, the cases that Williams relies on to establish Aries' liability as a common carrier specifically concern the duty to provide a safe place to alight. *See, e.g., Borus v. Yellow Cab. Co.*, 367 N.E.2d 277, 281, 52 Ill.App.3d 194 (1977). Williams points to, and this Court is aware of, no law holding common carriers to be responsible for the safety of their passengers once they have safely alighted. *But see id.* (recognizing that a common carriers' duty of care terminates once the passenger, in reasonable exercise of ordinary care for his own wellbeing, has had a reasonable opportunity to reach a place of safety). Williams submits no

facts to suggest that he was unable to safely alight from the bus, and therefore has not created a dispute of material fact concerning the applicability of common carrier liability.

**Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment [34] is granted.

IT IS SO ORDERED.

Date: October 13, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge